UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
AVENTURA TECHNOLOGIES, INC.,

                    Plaintiff,           **MEMORANDUM AND ORDER**
                                             2:13-cv-1097 (DRH)(GRB)

   - against –

THE WORLD OF RESIDENSEA II, LTD.,

                    Defendant.
--------------------------------------------------------X

**APPEARANCES**

**BRYAN HA**
Attorney for Plaintiff
405 Tarrytown Road #1244
White Plains, NY 10607
By:    Bryan Ha, Esq.

**MCAPLIN CONROY, P.A.**
Attorneys for Defendant
80 SW 8th Street, Suite 2805
Miami, FL 33130
By:    Michael Edward Conroy, Esq.
         Scott R. Johnston, Esq.
         Adria G. Notari, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

      Plaintiff Aventura Techonologies, Inc. ("Plaintiff") brought this action against Defendant The World of Residensea II, LTD. ("Defendant") for breach of contract, unjust enrichment, breach of implied covenant of good faith and fair dealing, and for damages of over $174,000. Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction,

and Rule 12(b)(5) for insufficient service of process.  For the reasons explained below, the motion to dismiss is denied in its entirety.

## BACKGROUND

The following relevant facts come from the First Amended Complaint ("FAC") and are assumed true for purposes of this motion.

In or about October 2008, Plaintiff and Defendant entered into an agreement ("Agreement") whereby Plaintiff would sell and install certain video surveillance equipment on Defendant's cruise ship for the sum of $317,350.00.  (FAC [DE 25] ¶ 9.)  Plaintiff claims that by November 4, 2010, it had "completed all work and furnished all labor, supplies, materials, and equipment required under the Agreement" and that the equipment was fully operational.  (*Id.* ¶¶ 12–13.)  Plaintiff alleges that Defendant has had full use of such equipment since November 4, 2010.  (*Id.* ¶ 13.)  Under the Agreement, the completion of all work meant that Plaintiff was owed the entire contract sum.  (*Id.* ¶ 14.)  However, to date, Defendant has refused to pay the sum of $50,000.00, which Defendant purports to withhold as retainage.  (*Id.* ¶ 15.)  Plaintiff asserts that in addition to the original work, it has also performed extra work, "including out-of-warranty service and repair work, and furnished extra labor, supplies, materials and equipment, outside the scope of the Agreement for [Defendant's] benefit at [Defendant's] request."  (*Id.* ¶ 17.)  Plaintiff provides a detailed accounting of the unpaid out-of-warranty labor, supplies, materials, and equipment, which total $124,579.94.  (*Id.* ¶ 7.)

Plaintiff brought this action on March 1, 2013.  (Compl. [DE 1].)  On August 16, 2013, Defendant filed a motion to stay pending resolution of a related Florida case.  (Motion to Stay [De 28].)  The Court referred the motion to Magistrate Judge Brown, who granted it on January 28, 2014.  During this time, Defendant filed its' original motion to dismiss that was terminated in

January 2014 when the stay was granted. On February 10, 2014, Plaintiff appealed Judge Brown's decision staying the action. The Court affirmed Judge Brown's decision on April 6, 2015. Plaintiff appealed this decision to the Second Circuit, which entered an order on April 20, 2016, vacating and remanding the Court's decision. The Court referred the matter back to Judge Brown on May 23, 2016, to reconsider the motion to stay. Judge Brown issued a second Report & Recommendation on February 24, 2017, denying the stay, which the Court adopted by Order dated March 31, 2017. On October 5, 2017, the Court allowed Defendant to file an amended motion to dismiss. The instant motion was filed on November 13, 2017.

## DISCUSSION

### I. *The Parties' Arguments*

Defendant claims in its Memorandum in Support that this Court does not have subject matter jurisdiction because the amount in controversy is only $50,000, and because the action is not maritime in nature. (Def.'s Mem. in Supp. of Amended Motion to Dismiss ("Mem. in Supp.") [DE 62] at 3, 8.) Defendant also argues that the Court lacks personal jurisdiction over Defendant as a foreign corporation without sufficient connections to New York. (*Id.* at 11.) Finally, Defendant asserts that there was insufficient service of process. (*Id.* at 24).

In the Memorandum in Opposition, Plaintiff replies that the Court has both diversity and maritime jurisdiction, that Defendant is subject to both personal jurisdiction pursuant to N.Y. C.P.L.R. § 302(a)(1) and general jurisdiction pursuant to N.Y. C.P.L.R. § 301, and that Defendant has been properly served. (Pl.'s Mem. in Opp. [DE 62-1] at 9 et seq.)

II. *Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction*

    a. Rule 12(b)(1) Legal Standard

A case may be properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). "In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *MacPherson v. State St. Bank & Trust Co.*, 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (quoting *Reserve Solutions Inc. v. Vernaglia*, 438 F. Supp. 2d 280, 286 (S.D.N.Y. 2006)), *aff'd*, 273 F. App'x 61 (2d Cir. 2008); *accord Tomaino v. United States*, 2010 WL 1005896, at *1 (E.D.N.Y. Mar. 16, 2010). "In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.*, 2015 WL 4101839, * 1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States[.]" Plaintiff must establish "that it appears to a reasonable probability that the claim is in excess of statutory jurisdictional amount." *Mekhi v. Area Storage & Transfer, Inc.*, 2018 WL 4043152, at *1 (E.D.N.Y. Aug. 24, 2018) (citing *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 814 n. 5 (2d Cir. 2014)). The Second Circuit has noted that there is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Am. Safety Cas. Ins. Co. v. 385 Onderdonk Ave., LLC*, 124 F. Supp. 3d 237, 241 (E.D.N.Y. 2015) (citing *Scherer*

*v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)). "To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Scherer*, 347 F.3d at 397. This is a very high bar. "[T]he legal impossibility of recovery must be so certain as to virtually negative the plaintiff's good faith in asserting the claim." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 229 (2d Cir. 2017) (citing *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994). "[E]ven where the allegations leave grave doubt about the likelihood of recovery of the requisite amount, dismissal is not warranted. *Pyskaty*, 856 F.3d at 229 (citing *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982)).

      b. The Motion to Dismiss Pursuant to Rule 12(b)(1) is Denied

As stated above, Defendant claims that the Court lacks subject matter jurisdiction over this action because the amount in controversy does not exceed $75,000. (Mem. in Supp. at 3.) The FAC, on the other hand, sets forth damages in an amount of $50,000 under the original Agreement, and another $124,579.94 in out-of-warranty work, supplies, materials, and equipment, for a total of $174,579.94. (FAC ¶¶ 15, 23.)

Defendant does not dispute that it has withheld $50,000 under the original Agreement, and that this money is in contention. (*See, e.g.*, Mem. in Supp. at 4.) Defendant does, however, claim that it is "legally certain" that Plaintiff could never recover the remaining $124,779.94. (*Id.* at 9.) The Court finds otherwise. In the FAC, Plaintiff provides a detailed and itemized list of the labor, supplies, material, travel expenses, and equipment that account for the $124,779.94. (FAC ¶ 23.) As such, the Court does not have a "grave doubt about the likelihood of recovery" here. *See Pyskaty*, 856 F.3d at 229. Defendant has not overcome the rebuttal presumption of

Plaintiff's good faith in asserting the claim.  Accordingly, the Court finds that the amount in controversy has been sufficient alleged, and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1132(a).

The Court declines to consider the question of whether it has maritime jurisdiction over this action, given that the Court has already found that diversity jurisdiction exists.

III.     *Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction*

   a.   Rule 12(b)(2) Legal Standard

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing jurisdiction over the defendant.  *See Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996).  Where, as here, the parties have not yet conducted discovery, plaintiff may defeat defendant's Rule 12(b)(2) motion "by making a prima facie showing of jurisdiction by way of the complaint's allegations, affidavits, and other supporting evidence." *Mortg. Funding Corp. v. Boyer Lake Pointe, L.C.*, 379 F. Supp. 2d 282, 285 (E.D.N.Y.2005).  Moreover, given the early stage of the proceedings here, the Court must view the pleadings in a light most favorable to the plaintiff, *see Sills v. The Ronald Reagan Presidential Found., Inc.,* 2009 WL 1490852, *5 (S.D.N.Y. May 27, 2009), and when evidence is presented, "doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party," *A.I. Trade Fin., Inc. v. Petra Bank,* 989 F.2d 76, 80 (2d Cir. 1993).  However, the Court is not bound by conclusory statements, without supporting facts.  *Jazini v. Nissan Motor Co. Ltd.,* 148 F.3d 181, 185 (2d Cir. 1998).

In a diversity case, a federal district court exercises personal jurisdiction over a party in accordance with the law of the forum state, subject to the requirements of due process under the United States Constitution.  *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d

Cir. 2001). In New York, courts may exercise either general or specific jurisdiction over defendants. Pursuant to general jurisdiction, courts in New York can adjudicate *all* claims against an individual or a corporation, even those unrelated to its contacts with the state. *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014). "[G]eneral jurisdiction [over a corporation] exists only when a corporation's contacts with [New York] are so continuous and systematic as to render [it] essentially at home" in New York. *Id*. (internal quotation marks and citations omitted).

The existence of specific jurisdiction "depends on an affiliation between the forum [state] and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citations omitted). C.P.L.R. § 302(a), New York's "long-arm" statute, allows for specific jurisdiction over non-domiciliaries and provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state." Courts have found that this subsection of New York's long-arm statute effectively has two prongs: "(1) '[t]he defendant must have transacted business within the state,' either itself or through an agent, and (2) 'the claim asserted must arise from that business activity.'" *Powell v. Monarch Recovery Management, Inc.*, 2016 WL 8711210, at *6 (E.D.N.Y. 2016) (quoting *Licci ex rel Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013) (quoting *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006))).

"When analyzing jurisdiction under the [']transacts business['] clause, courts examine 'the totality of the defendant's activities within the forum' in order to determine if the

defendant's 'transacted business' can be considered purposeful." *Powell*, 2016 WL 8711210, at *6 (quoting *Levans v. Delta Airlines, Inc.*, 988 F. Supp. 2d 330, 335 (E.D.N.Y. 2013) (quoting *Sterling Nat'l Bank & Trust Co. of N.Y. v. Fidelity Mortg. Investors*, 510 F.2d 870, 873 (2d Cir. 1975))). Conclusory allegations of transacting business are insufficient; in fact, "courts have regularly held that a plaintiff asserting jurisdiction must tender *specific* allegations about the defendant's contact with the forum state." *See id.*; *Doe v. Del State Police*, 939 F. Supp. 2d 313, 332 (S.D.N.Y. 2013). On the other hand, the Second Circuit has explained that "proof of one transaction, or a single act, in New York has been deemed sufficient to invoke long-arm jurisdiction even though the defendant never enters New York." *Allied Dynamics Corp. v. Kenmetal, Inc.*, 965 F. Supp. 2d 276, 293 (E.D.N.Y. 2013) (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 248 (2d Cir. 2007)) (internal quotation marks omitted).

    b.   The Motion to Dismiss Pursuant to Rule 12(b)(2) is Denied

Defendant asserts that the Court does not have personal jurisdiction because Defendant is a foreign corporation that is not subject to either specific or general jurisdiction in the state of New York. (Mem. in Supp. at 10.) In response, Plaintiff argues that Defendant is subject to specific jurisdiction because Defendant "projected itself into New York to negotiate and establish a business relationship" with Plaintiff. (Mem. in Opp. at 16.) Plaintiff also insists that Defendant is subject to general jurisdiction because it engaged in "substantial and continuous solicitation and other activities of substance in New York." (*Id.* at 21.) In support of its argument, Plaintiff has filed an affidavit[1] from Managing Director Jack Cabasso attesting that Defendant engaged in the following non-exhaustive list of direct contacts with New York:

---

[1] As explained above, as the parties have not yet conducted discovery, plaintiff may defeat defendant's Rule 12(b)(2) motion "by making a prima facie showing of jurisdiction by way of the complaint's allegations, affidavits, and other supporting evidence." *Mortg. Funding Corp*, 379 F. Supp. 2d at 285.

- Soliciting a bid from Plaintiff in New York for the project at issue;
- Discussing the project via telephone calls and e-mails with Plaintiff's employees in New York;
- Sending a purchase order to Plaintiff in New York;
- Coordinating the project with Plaintiff in New York;
- Communicating with Plaintiff's employees in New York by telephone and e-mail in the years after the project was installed regarding maintenance and repairs;
- When Defendant's ship was docked in New York, Managing Director Cabasso visited the vessel to evaluate the alleged issues on behalf of Plaintiff;
- In June 2012, additional personnel employed by Plaintiff boarded the ship to inspect the system.

(*Id.* at 16–18; Cabasso Aff. Ex. A at ¶¶ 6–22.)

"The purposeful creation of a continuing relationship has been a contributing factor in finding sufficient contacts to justify the exercise of long-arm jurisdiction" in New York. *Grimaldi v. Guinn*, 72 A.D.3d 37, 45 (N.Y. App. Div. 2010); *see also Chirumbolo Consulting Corp. v. Agathis*, 2018 WL 1722427, at *2 (N.Y. Sup. Ct. 2018) (citing the same). New York courts have previously found that defendants that had never stepped foot in the state had nevertheless transacted business in New York because of "the nature and quality of the[] contacts, through which defendants established a substantial ongoing professional commitment between themselves and plaintiff, governed by the laws of our state[.]" *Fischbarg v. Doucet*, 9 N.Y.3d 375, 377 (N.Y. 2007) (finding that because the California defendants had solicited services from a New York attorney over the course of 9 months, they were subject to personal jurisdiction in New York); *see also Grimaldi*, 72 A.D.3d at 51 (finding that the Court had personal jurisdiction over a defendant in Pennsylvania "in light of the number, nature, and timing of all of the contacts involved, including the numerous telephone, fax, e-mail, and other written communications with the plaintiff in New York that [defendant] initiated subsequent to his initial involvement in the project, as well as the manner in which [defendant] employed his decidedly passive web site for commercial access[.]").

Here, Defendant solicited services from Plaintiff (a New York company), communicated by telephone and e-mail with Plaintiff's employees in New York for years before, during, and after the conclusion of the project, sent a purchase order to New York, and even had Plaintiff's Managing Director board the ship to check the project *in New York*. While Defendant insinuates that Plaintiff is mischaracterizing the events, in reviewing Defendant's counter-Affidavits it appears that the facts Defendant alleges do not so much directly contract Plaintiff's version of the events, but rather they flesh out the story by providing other details that may have been left out. (Def.'s Reply Mem. [DE 62-2] at 5.) For example, even if Defendant first met Plaintiff at a trade show in Florida—which Plaintiff does not mention—if Defendant then solicited business from Plaintiff in New York it is insignificant where the initial contact was made. (*See id.*)

Under the first prong of the transacting business test, the Court finds that based on the "number, nature, and timing" of the communications and interactions with Plaintiff in New York, Defendant has transacted business in the state. *See Grimaldi*, 72 A.D.3d at 51. Despite Defendant's significant efforts to split hairs over who certain individuals were working for when contacts were made with Plaintiff in New York, it is clear that Defendant had sufficient contact with Plaintiff to "transact business" in lieu of the undisputed fact that Plaintiff installed, maintained, and repaired cameras on Defendant's cruise ship over several years. Under the second prong, the claim asserted arises from that business activity as Plaintiff is seeking compensation for the project that was the subject of those communications and interactions. Accordingly, the Court finds that Defendant is subject to New York's long-arm statute, and the Court has specific jurisdiction over Defendant.

As the Court has already found that it has personal jurisdiction over Defendant, the Court will not analyze whether it also has general jurisdiction over Defendant.

IV.    *Motion to Dismiss Pursuant to Rule 12(b)(5) for Insufficient Service of Process*

   a. Rule 12(b)(5) Legal Standard

On a motion to dismiss under Rule 12(b)(5) challenging the sufficiency of service of process, it is the plaintiff's burden of proof to establish the adequacy of service. *Hertzner v. U.S. Postal Serv.*, No. 05-CV-2371, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007). In considering the motion, the court may look beyond the pleadings, including to affidavits and supporting materials, to determine whether service was adequate. *Werst v. Sarar USA Inc.*, No. 17-CV-2181, 2018 WL 1399343, at *2 (S.D.N.Y. Mar. 16, 2018).

Fed. R. Civ. P. 4 ("Rule 4") governs the requirements for sufficient service of process. Under Rule 4(e), service upon an individual is made by either (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or (2) "delivering a copy of the summons and of the complaint to the individual personally" or "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process[.]" Rule 4(e)(2).

Here, the relevant state law is New York law. New York Civil Practice Law and Rules ("CPLR") § 308(2) provides that personal service upon a natural person may be made

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business [subject to certain other specific requirements], such delivery and mailing to be effected within twenty days of each other . . . .

CPLR § 308(2).

a. The Motion to Dismiss Pursuant to Rule 12(b)(5) is Denied

Defendant argues in its Memorandum in Support that it was never properly served because Plaintiff served Corporate Creations Network Inc. on behalf of ROW Management, Ltd., Inc., rather than serving Defendant itself. (Mem. in Supp. at 25.) Corporate Creations Network Inc. and Row Management, Ltd., Inc. are separate entities from Defendant, neither of which were named in the Complaint. (*Id.*) Defendant seems to have overlooked the executed summons that Plaintiff filed on October 3, 2013, confirming that service of the summons and complaint was also effected on Defendant at its headquarters in the Bahamas on March 7, 2013. (*See* Aff. of Service [DE 32].) Defendant seems to have recognized its mistake as it abandons this argument in the Reply Memorandum in Further Support. (*See* Reply Mem.) Accordingly, the Court will not address it.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(5) is denied in its entirety.

**SO ORDERED.**
Dated: Central Islip, New York
September 14, 2018

/s/
Denis R. Hurley
Unites States District Judge