UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
AVENTURA TECHNOLOGIES, INC.

                       Plaintiff,

                                                      **REPORT &**
                                                        **RECOMMENDATION**
          -against-                            13-CV-1097 (DRH) (GRB)

THE WORLD OF RESIDENSEA II, LTD.,

                       Defendant.
------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

      Presently before the undersigned, on referral from the Honorable Denis R. Hurley, is plaintiff Aventura Technologies, Inc.'s ("Aventura") motion for a default judgment and defendant The World of Residensea II, Ltd.'s ("Residensea") motion to set aside the entry of default. For the reasons that follow, the undersigned respectfully recommends the Court grant Residensea's motion and vacate the entry of default and deny Aventura's motion for default judgment.

## BACKGROUND

      This action revolves around a contractual dispute between Aventura and Residensea regarding Aventura's installation of a security system on a luxury passenger ship owned by Residensea. Docket Entry No. ("DE") 78 at 4. Originally, Residensea, and its management company, ROW Management, LTD, filed an action against Aventura in Florida State Court. DE 73 at 1. Aventura then filed this action. Residensea moved to dismiss for lack of personal jurisdiction and to stay this action based on abstention. DE 28. After a referral of the motion to

1

stay, the undersigned recommended that the motion to stay be granted, which the district court adopted. DE 41; DE 45. Aventura appealed that decision, and the Second Circuit reversed and remanded for further consideration. DE 47. Residensea filed a renewed motion for a stay, which, after referral, the undersigned recommended that the court deny. DE 55. The district court adopted that report and recommendation and later denied Residensea's renewed motion to dismiss for lack of personal jurisdiction. DE 55; DE 68.

Residensea failed to timely file an answer, after the district court denied its motion to dismiss, and the Clerk of the Court noted Residensea's default pursuant to Federal Rule of Civil Procedure 55(a). DE 70. Aventura moved for a default judgment, which Residensea opposed with a cross-motion to vacate the entry of default. DE 71; DE 73.

## DISCUSSION

"[A] decision whether to set aside a default is a decision left to the sound discretion of the district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015). Moreover, there is a "[s]trong public policy [which] favors resolving disputes on the merits." *Gluco Perfect, LLC v. Gluco Perfect Prods., Inc.*, 14-CV-1678 (KAM)(RER), 2016 WL 11469931 at *2 (E.D.N.Y. Jan. 7, 2016) (citing *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)).

"A district court may set aside an entry of default for 'good cause.'" *McLean*, 624 F. App'x at 45 (citing Fed. R. Civ. P. 55(c)). "When deciding whether there is good cause to set aside a default, the court looks to (1) whether the default was willful; (2) whether setting aside

the default would prejudice the adversary; and (3) whether a meritorious defense is presented."
*Id.*

## I. WILLFUL DEFAULT

"Courts will find willfulness where there is evidence of bad faith or in the presence of egregious or deliberate conduct." *U.S. Commodity Futures Trading Commission v. McCrudden*, No. CV 10-5567(DRH)(AKT), 2015 WL 5944229 at *21 (E.D.N.Y. Oct. 13, 2015), *adopted by* 2015 WL 7161671 (E.D.N.Y. Nov. 13, 2015); *see also Team Kasa, LLC v. Humphrey*, CV 17-1074 (JS) (AKT), 2018 WL 1867117 at *6 (E.D.N.Y. Jan. 24, 2018) ("The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable"), *adopted by* 2018 WL 1083958 (E.D.N.Y. Feb. 6, 2018). "Further, courts should resolve any doubt about defendant's willfulness in its favor." *McCrudden*, 2015 WL 5944229 at *21.

Residensea argues that its failure to answer was merely a negligent calendaring error and, thus, not in bad faith or deliberate. DE 73 at 4. Aventura endeavors to demonstrate a "pattern of willful neglect" based upon a purported delay in responding to a single discovery request and what Aventura claims is Residensea's absence of diligence in pursuing the Florida state court action. DE 79 at 12. However, Residensea notes that it timely responded to other requests and produced a corporate representative for a Rule 30(b)(6) deposition, and was actively working on responding to the outstanding discovery request. DE 80 at 5–6. Moreover, as to the Florida state court action, Residensea points out that it did not aggressively pursue that action at the same time as this action because of the complex, interlocutory appeal to the Second Circuit and multiple

rounds of motions to dismiss based on lack of jurisdiction. *Id.* at 6–7. Thus, on this record, I find that Residensea's default resulted from negligent error, not willful conduct.

## II. PREJUDICE

"In determining whether to vacate an entry of default, a court must consider 'whether and to what extent vacating the default judgment will prejudice the non-defaulting party.'" *Courchevel 1850 LLC v. Rodriguez*, 17-CV-6311 (MKB), 2019 WL 2233828 at *6 (E.D.N.Y. May 22, 2019) (quoting *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005)). "Accordingly, in determining whether a plaintiff has suffered prejudice, courts consider the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion." *Id.* (quotations omitted).

Aventura makes conclusory assertions of prejudice but has presented no facts demonstrating that this delay has thwarted its recovery or remedy or has increased difficulties of discovery. DE 79 at 13. Thus, Aventura has suffered only a delay, which "alone is not a sufficient basis for establishing prejudice." *Green*, 420 F.3d at 110.

## III. MERITORIOUS DEFENSE

"The existence of a meritorious defense is a key factor in [this] analysis. *Green*, 420 F.3d at 109. "In order to make a sufficient showing of a meritorious defense ... the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Id.*

Aventura argues that Residensea's motion papers are deficient because Residensea has failed to present more than conclusory denials. DE 79 at 10–12; *see also Allstate Ins. Co. v.*

4

*Bogoraz*, No. 10-CV-5286 (SJF) (ETB), 2012 WL 1655552 at *5 (E.D.N.Y. May 9, 2012) (citing *Pecarksy v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001)). In its reply brief, Residensea provides its proposed answer, the complaint from the Florida state court action, and deposition testimony and documents supporting the absence of an agreement for "out-of-warranty work" and the failure to submit invoices. *See* DE 80 at 2–5; *see also generally* DE 80-1; DE 80-2; DE 80-3; DE 80-4.

"Although new arguments raised in reply papers are generally not considered, the Second Circuit has made it abundantly clear that a district court has discretion to consider a belatedly-raised argument . . . and that a judge's decision to countenance such an argument will be reviewed for abuse of discretion." *Team Kasa, LLC*, 2018 WL 1867117 at *6 (collecting cases). Given the court's obligation, on this motion, to consider "whether the entry of default would bring about a harsh or unfair result," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), the undersigned will consider the arguments and evidence submitted in Residensea's reply brief, which are sufficient, at this juncture, to raise a meritorious defense. *See LaRoss Partners, LLC v. Contact 911 Inc.*, No. 11-cv-1980 (ADS)(ARL), 2015 WL 2452616 at *6 (E.D.N.Y. May 21, 2015) ("the essential elements of a breach of contract cause of action [include] the existence of a contract").

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends the Court grant Residensea's motion and vacate the entry of default and deny Aventura's motion for default judgment.

Within 45 days of this report and recommendation, the parties are directed to meet and confer and jointly propose a modified discovery schedule.

## OBJECTIONS

A copy of this Report and Recommendation has been provided to the parties via ECF. Any written objections must be filed with the Clerk of the Court within fourteen (14) days of this report. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.** *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object)*; Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This is particularly true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings." *Mejia*, 2018 WL 4847199, at *1.

Dated: Central Islip, New York
      August 29, 2018

                                                /s/ Gary R. Brown
                                                GARY R. BROWN
                                                United States Magistrate Judge